## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Gideon C. Arrington, II, | Case No. 20-CV-2539 (WMW/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Schnell, | |
| Respondent. | |

This matter comes before the Court on Petitioner Gideon C. Arrington, II's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. For the reasons discussed below, the Court recommends dismissing the Petition without prejudice.

In May 2014, Arrington entered an *Alford* plea in state court to one count of first-degree criminal sexual conduct. *See, e.g.*, *State v. Arrington*, No. A14-1945, 2016 WL 102476, at *1 (Minn. Ct. App. Jan. 11, 2016). The trial court later sentenced Arrington to 324 months in prison. *See id.* Since then, Arrington has repeatedly challenged his conviction and/or sentence: through direct appeal, a state-court petition for postconviction relief, and—most importantly for present purposes—a first § 2254 petition filed in this District in May 2019. *See, e.g.*, *Arrington v. Minnesota*, No. 19-CV-1377 (MJD/BRT), 2020 WL 2841874, at *1 (D. Minn. Mar. 24, 2020) (detailing Arrington's efforts and denying § 2254 petition with prejudice), *R. & R. adopted*, 2020 WL 2840200 (D. Minn. June 1, 2020).

Like Arrington's earlier § 2254 petition, the present Petition challenges the validity of Arrington's May 2014 conviction. (Pet. 1.) It raises two interrelated grounds. First, Arrington claims that he has learned of "newly discovered evidence" that exonerates him—specifically, "a false sexual assault exam medical exam." (*Id.* at 5 (capitalization amended).) Second, Arrington asserts his "actual innocen[c]e," citing the "[f]alse medical exam" as a fact supporting this claim. (*Id.* at 7.)

This Court lacks jurisdiction to consider the Petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The current Petition is plainly second or successive; it challenges the same conviction challenged in Arrington's earlier § 2254 petition. *Cf. Magwood v. Patterson*, 561 U.S. 320, 332–33 (2010) ("[T]he phrase 'second or successive' must be interpreted with respect to the judgment challenged."). Without authorization from the Eighth Circuit Court of Appeals, this Court cannot adjudicate the Petition's merits.

The next question is whether the Court should dismiss the Petition or transfer it to the Eighth Circuit for that court to consider whether to authorize the Petition under § 2244(b)(3)(A). This Court recommends dismissal. The Petition's claims do not fit any of the criteria for authorization set forth in § 2244(b)(2): they are not based upon a new constitutional-law rule; there is no obvious reason why Arrington could not have discovered "the factual predicate for the claim[s]" long ago; and the facts asserted are not "sufficient to establish by clear and convincing evidence that . . . no reasonable factfinder

2

would have found [Arrington] guilty of the underlying offense." Given these points, the Court does not believe that the Eighth Circuit would authorize the Petition, so the Court recommends dismissing the Petition rather than transferring it.[1]

Finally, a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here— "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat the Petition differently than this Court is treating it here. The Court therefore recommends not granting a COA in this matter.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

    1.    This matter be **DISMISSED WITHOUT PREJUDICE** for lack of

---

[1] Of course, Arrington may seek authorization from the Eighth Circuit himself, notwithstanding this Court's recommendation.

      jurisdiction.

2. No certificate of appealability be issued.


Dated: February 16, 2021            *s/ Hildy Bowbeer*
                                          Hildy Bowbeer
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).