UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gideon C. Arrington, II, | Case No. 20-cv-2539 (WMW/HB) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Schnell, | |
| Respondent. | |

This matter is before the Court on the February 16, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Hildy Bowbeer. (Dkt. 9.) The R&R recommends dismissing Petitioner Gideon C. Arrington, II's petition for writ of habeas corpus without prejudice for lack of jurisdiction and not issuing a certificate of appealability. Arrington filed timely objections to the R&R.

A district court reviews de novo those portions of an R&R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). When a party fails to file specific objections to an R&R, *de novo* review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) (observing that objections to an R&R that "are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error"). A district court reviews for clear error any aspect of an R&R to which no specific objection is made.

*See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because Arrington is *pro se*, his objections are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Arrington disputes the R&R's conclusions regarding whether the Court should dismiss the petition for habeas corpus or transfer it to the United States Court of Appeals for the Eighth Circuit.[1] *See* 28 U.S.C. § 2244(b)(3)(A). Arrington maintains that his claims meet the criteria for authorization of a second or successive petition set forth in Section 2244(b)(2) and, therefore, seeks that this Court transfer his petition to the Eighth Circuit. Arrington's arguments are addressed in turn.

Arrington argues that there was not sufficient evidence proving his guilt. The R&R addresses this argument, however, and disagrees. Although Arrington disputes the R&R's recommendation, neither Arrington nor the Court identifies any legal or factual error in the R&R's analysis. Therefore, Arrington's objection on this basis is overruled.

Arrington argues that it was not his responsibility to know or discover that the state of Minnesota relied on allegedly false evidence in his case. As observed by the R&R, Arrington's objections do not identify why he could not have discovered the factual predicate for this claim previously through the exercise of due diligence. *See* 28

---

[1] That Arrington's petition is successive is undisputed. *See* 28 U.S.C. § 2244(b)(3)(A). On April 5, 2021, the Eighth Circuit denied Arrington's request for authorization to file a successive Section 2254 petition.

U.S.C. § 2244(b)(2)(B)(i).  And Arrington's objections provide no reason either.[2] Therefore, Arrington's objection to the R&R on this basis is overruled.

As Arrington does not specifically object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error.  *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ. P. 72(b).  Having carefully performed this review, the Court finds no clear error.  For this reason, the Court adopts the remainder of the R&R.

## ORDER

Based on the R&R, the foregoing analysis, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Gideon C. Arrington, II's objections to the R&R, (Dkt. 10), are **OVERRULED**.

2. The February 16, 2021 R&R, (Dkt. 9), is **ADOPTED**.

3. This case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

4. A certificate of appealability **SHALL NOT ISSUE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 24, 2021
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge

---

[2] Arrington cites *Bryant v. Scott*, which holds that the failure to interview eyewitnesses to a crime "may strongly support a claim of ineffective assistance of counsel." 28 F.3d 1411, 1415 (5th Cir. 1994).  But Arrington does not claim that his counsel was ineffective in his habeas petition.